UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:21-cv-23509-JLK

UNIVERSAL PROPERTIES
MANAGEMENT USE, LLC,

    Plaintiff,

v.

CERTAIN UNDERWRITERS AT
LLOYD'S LONDON *et al.*,

    Defendants.
_____/

## ORDER DENYING PLAINTIFF'S MOTION TO REMAND

THIS MATTER is before the Court on Plaintiff's Motion to Remand (the "Motion") (DE 7), filed on November 3, 2021. The Court has also considered Defendants' Response (DE 8) and Plaintiff's Reply (DE 9).

    **I.**    **BACKGROUND**

On May 11, 2021, Plaintiff filed its Complaint in the Eleventh Judicial Circuit Court in and for Miami-Dade County seeking declaratory relief against ten insurance companies stemming from property damage by Hurricane Irma. *See* Compl., DE 1-3. Plaintiff alleges that each Defendant issued an individual policy. *Id*. ¶ 15. Specifically, Plaintiff asks the Court to determine whether the arbitration clause within each insurance policy (the "Policy") is invalidated by the Policy endorsement's service of suit clauses, Florida state law, and public policy. *See generally id*.

On October 5, 2021, all ten Defendants removed this action alleging federal question jurisdiction under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards of June 10, 1958, 21 U.S.T. 2517, 330 U.N.T.S. 38, as implemented by 9 U.S.C. §§ 201-208 (the

"Convention"). *See* Not. of Removal, DE 1. Defendants also allege that removal is timely because the plain language in Section 205 of the Convention allows for removal any time before trial. *Id.* at 11. Now, Plaintiff moves to remand, arguing that not all the prerequisites needed for removal under the Convention are satisfied. *See* Mot.

## II.     LEGAL STANDARD

A civil case filed in state court may be removed to federal court if the case could have been brought originally in federal court. *See* 28 U.S.C. § 1441(a). District courts have "original jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "A case covered by the Convention confers federal subject matter jurisdiction upon a district court because such a case is 'deemed to arise under the laws and treaties of the United States.'" *Bautista v. Star Cruises*, 396 F.3d 1289, 1294 (11th Cir. 2005) (citing 9 U.S.C. § 203).

An arbitration agreement is governed by the Convention if all of the following four factors are present: (1) there is an agreement in writing within the meaning of the Convention; (2) the agreement provides for arbitration in the territory of a signatory of the Convention; (3) the agreement arises out of a legal relationship, whether contractual or not, which is considered commercial; and (4) a party to the agreement is not an American citizen, or that the commercial relationship has some reasonable relation with one or more foreign states. *Id.* at 1294 n.7.

## III.    DISCUSSION

Plaintiff argues that the first *Bautista* factor is not satisfied here because there is no agreement to arbitrate in writing that is signed by the parties. *See* Mot. Specifically, Plaintiff argues that it never signed each Policy that contains the arbitration agreement, but only signed the application for each insurance policy (the "Application"), which is insufficient to trigger the

strictly construed meaning of "an agreement in writing" under the Convention. Mot. at 4 (citing *Czarina, LLC v. W.F. Poe Syndicate*, 358 F.3d 1286, 1288–90 (11th Cir. 2004); Convention, Art. II, 9 U.S.C. § 201 ("The term 'agreement in writing' shall include an arbitral clause in a contract or an arbitration agreement signed by the parties or contained in an exchange of letters or telegrams.").

Defendants argue that Plaintiff's signature on the Application is an agreement in writing under the Convention and is therefore sufficient to establish jurisdiction. *See* Resp. Additionally, Defendants bring persuasive caselaw to the attention of the Court. In *VVG Real Estate*, an identical arbitration provision with one defendant (also named in the instant case) was considered and held enforceable under the Convention. *VVG Real Estate Invs. v. Underwriters at Lloyd's*, 317 F. Supp. 3d 1199, 1205 (S.D. Fla. 2018) (In analyzing the first *Bautista* factor, Judge Bloom found that "[i]n the instant case, it is undisputed that the Policy contains an agreement in writing to arbitrate . . . ." and granted defendant's motion to compel arbitration ruling against plaintiff's argument that Florida law preempted the Convention.).

Similarly, in *Gold Coast*, there was an identical arbitration clause where plaintiff moved to remand based on the same argument that the Plaintiff in the instant case makes: that there was no agreement in writing to satisfy the first *Bautista* factor. *See* Order Granting Mot. to Compel Arbitration and Stay Proceedings and Den. Pl.'s Mot. to Remand, *Gold Coast Property Management Inc. v. Certain Underwriters at Lloyd's London, et al.*, ECF No. 55, No. 18-cv-23693, 2019 WL 2482058, at *3 (S.D. Fla. June 14, 2019) (Judge Gayles held that "[p]laintiff's signature on the Application, via its manager, which became a part of the Policy, is sufficient to constitute a signature on a written agreement to arbitrate.").

Plaintiff argues that *Gold Coast* was erroneously decided because an application may only be construed as part of the policy when such policy construction expands coverage under the policy. Mot. at 7. It is true that the application "becomes a part of the agreement between the parties and the policy together with the application form the contract of insurance," but it does not only become part of the agreement when it expands coverage as Plaintiff argues. *See Mathews v. Ranger Ins. Co.*, 281 So. 2d 345, 348 (Fla. 1973).

The only *Bautista* factor at issue is whether the signed Application for the insurance Policy constitutes an agreement in writing and signed by the parties. Because an application becomes part of the agreement and policy and due to the directly applicable caselaw, the Court finds that the first *Bautista* factor is satisfied under the Convention and this Court has jurisdiction.

Accordingly, it is **ORDERED, ADJUDGED and DECREED** that Plaintiff's Motion to Remand **(DE 7)** be, and the same hereby is, **DENIED**.

**DONE AND ORDERED** in Chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida this 21st day of December, 2021.

/s/ James Lawrence King
JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE

**cc:**   **All counsel of record**